**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave. NW
Washington, D.C. 20530,

*Defendant*.

Case No. 26-cv-3801

# COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice (DOJ) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2. Dr. John W. "Rick" Richards—a retired physician with ties to Cleta Mitchell, a former Trump attorney and founder of the "Election Integrity Network,"—has developed software supposedly designed to "clean" voter rolls of ineligible voters based on potentially inaccurate information.[1]

[1] *See* Erin Mansfield, *A Georgia Man Created a Tool to Challenge Voter Registrations. Trump's Allies May Use It*, USA Today (Mar. 27, 2024), http://usatoday.com/story/news/politics/elections/2024/03/27/georgia-ai-tool-to-challenge-2024-voter-registrations/72946319007/.

3. These software tools, including Richards' EagleAI and his more recent program, ELLY, purportedly aggregate personal information from various databases and flag voter registrations as potentially "suspicious" based on name matches between databases.[2]

4. From there, without any further investigation or checks, the tools allow private individuals to auto-populate forms and submit voter registration challenges in bulk directly to election administrators.[3]

5. Experts and election officials have repeatedly asserted that software like EagleAI and ELLY are defective and unsuited for maintaining voter rolls.[4]

---

[2] Alice Clapman & Andrew Garber, *A New Antidemocracy Tool*, Brennan Ctr. for Just. (Sep. 5, 2023), https://www.brennancenter.org/our-work/analysis-opinion/new-antidemocracy-tool; Campaign Legal Ctr., ELLY and Psephos: How Eagle AI Rebranded—and Continues to Fuel Error-Prone Voter Challenges 1–2 (Aug. 4, 2026), https://campaignlegal.org/document/elly-and-psephos-how-eagle-ai-rebranded-and-continues-fuel-error-prone-voter-challenges; Abby Vesoulis & Ari Berman, *Your Private Data Is Building Trump's Voter Purge Machine*, Mother Jones (Dec. 5, 2025), https://www.motherjones.com/politics/2025/12/your-private-data-is-buildingtrumps-voter-purge-machine/; *see also* Mansfield, *supra* note 1 ("Michael Morse, a law professor at the University of Pennsylvania, said matching large public databases is 'fundamentally flawed.'").

[3] *See id.*

[4] *See, e.g.*, Caleb Groves, *Georgia Election Board Promotes New Voter-Roll Tool Ahead of Midterms*, Atlanta J. Const. (July 23, 2026), https://www.ajc.com/politics/2026/07/georgia-election-board-promotes-new-voter-roll-tool-ahead-of-midterms/ (reporting that county boards often dismissed EagleAI-created challenges due to data inaccuracies and are that ELLY uses "consistently incorrect" data); *id.* ("Cherokee County Elections Director Anne Dover tested ELLY against the official voting history data. . . . 'The voting history data in ELLY is consistently incorrect . . . .'"); Caleb Groves, *Cobb County Elections Board Rejects EagleAI-Based Voter Challenges*, Atlanta J. Const. (Aug. 5, 2024), https://www.ajc.com/politics/cobb-elections-board-rejects-eagleai-based-voter-challenges/OMPU5WSC4NHPXANMECH45ZBRE4/ (reporting that the board dismissed 2,468 of 2,472 challenges filed via EagleAI, citing data errors); Jane Timm, *Conservative Voter Fraud Hunters Pitch New Computer Programs to State Officials*, NBC News (Mar. 18, 2026), https://www.nbcnews.com/politics/elections/conservative-voter-fraud-hunters-pitch-new-programs-state-officials-rcna263738; Campaign Legal Ctr., *supra* note 2, at 1–4.

6. Public records show that Richards has pitched EagleAI and ELLY to election officials in multiple counties and states, including in Georgia, Missouri, North Carolina, and Texas.[5]

7. DOJ officials—including Maureen Riordan, then-acting chief of the Voting Rights Section of the Civil Rights Division—reportedly met with Richards in 2025 to view a demonstration of his EagleAI software.[6]

8. On October 21, 2026, Richards appeared on a podcast alongside online commentator Jerome Corsi who claimed that "[ELLY has] already been given to the Department of Homeland Security and DOJ, and they are using the tool," which Richards did not dispute.[7]

9. On January 14, 2026, American Oversight submitted three FOIA requests to DOJ seeking records that could shed light on potential federal government use of EagleAI and ELLY.

10. At the time of this filing, after more than nine months, American Oversight has not received any records responsive to its properly submitted requests.

11. In light of the need to inform the public concerning this important matter, American Oversight brings this lawsuit to challenge the government's failure to respond to American Oversight's FOIA requests.

---

[5] Am. Oversight, *Exclusive: State Officials Meeting with Election-Denier Linked EagleAI Founder on New Voter Roll Purge Tools* (Mar. 18, 2026), https://americanoversight.org/exclusive-state-officials-meeting-with-election-denier-linked-eagleai-founder-on-new-voter-roll-purge-tools/.

[6] *See* Vesoulis & Berman, *supra* note 2; *see also* Complaint at 18, *United States v. N.C. State Bd. of Elections*, No. 25-cv-00283 (E.D.N.C. May 27, 2025), ECF No. 1 (listing Riordan as "Acting Chief, Voting Section").

[7] War Zone Live! with Wayne Allyn Root, at 43:28 (Rumble, Oct. 19, 2026), https://rumble.com/v7h3diu-war-zone-live-with-wayne-allyn-root-10-16-26-root-round-up.html?e9s=src_v1_ucp_l.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

13. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

14. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of records improperly withheld.

## PARTIES

15. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

16. Defendant U.S. Department of Justice is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

17. DOJ has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

18. On January 14, 2026, American Oversight submitted three (3) FOIA requests to the Civil Rights Division (CRT) of DOJ seeking records with the potential to shed light on federal government activity related to the EagleAI and ELLY mass voter registration challenge software.

*External Communications Request*

19. On January 14, 2026, American Oversight submitted a request to CRT bearing internal American Oversight tracking number DOJ-CRT-26-0034 (the External Communications Request), seeking the following records:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between any of the Department of Justice officials listed below, and any of the external entities or individuals listed below (including the listed email addresses and/or domains).

   Department of Justice Civil Rights Division Officials:

   i. Harmeet Dhillon, Assistant Attorney General
   ii. Andrew "Mac" Warner, Principal Deputy Assistant Attorney General
   iii. Jesus Osete, Deputy Assistant Attorney General
   iv. Michael Gates, Former Deputy Assistant Attorney General
   v. Gregory Brown, Deputy Assistant Attorney General
   vi. Eric Neff, Acting Chief, Voting Section
   vii. Rebecca Wertz, Principal Deputy Chief, Voting Section
   viii. Matthew Zandi, Chief of Staff and Senior Counsel
   ix. Jessica Ginsburg, Counsel to the Assistant Attorney General
   x. Maureen Riordan
   xi. Anyone serving as Chief of Staff or Senior Advisor to the Acting Chief of the Voting Section

   External Entities and Individuals:

   a. John "Rick" Richards (drr@cathaid.com, drr@EagleAI.pro, drronline@me.com)
   b. John Richards (johnrichards@EagleAI.pro)
   c. EagleAI NETwork (EagleAI.pro)
   d. ELLY, including any entity or individual providing or offering "ELLY" as a service
   e. ELLIE, including any entity or individual providing or offering "ELLIE" as a service

2. All text messages (including complete text message threads or conversations) and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, Microsoft Teams messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL or any app that can interface with an app such as those listed or otherwise borrow its technology) between any of the Department of Justice officials listed above in part 1, and John "Rick" Richards.

   American Oversight requests that all images, videos, audio recordings, or other attachments regarding official government business shared via text message and/or messaging platforms be produced in response to this request. To the extent any hyperlinks and/or URLs were shared via text message and/or messaging platforms, American Oversight requests records in a form that display the full URL.

   American Oversight is not in a position to provide a phone number for Mr. Richards. If the listed officials are unable to provide his phone number(s), please use variations on Mr. Richards' name as search terms. For example, a search for text messages between an official and Rick Richards would be conducted by searching the official's text messages using the key terms "John," "Rick," and "Richards" to identify potentially responsive records.

   **For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

20. A true and correct copy of the External Communications Request is attached as Exhibit A, and American Oversight incorporates Exhibit A by reference as though stated fully herein.

21. On February 12, 2026, CRT emailed American Oversight acknowledging receipt of the External Communications Request, assigning it agency tracking number FOI/PA No. 26-00189-F, and claiming a 10-day extension to respond.

22. As of the date of this Complaint, American Oversight has received no further communications from CRT concerning this request.

23. As of the time of this filing, CRT has not issued a final determination in response to this request.

24. As of the time of this filing, CRT has not produced any records responsive to this request.

*Key Terms Request*

25. On January 14, 2026, American Oversight submitted a request to CRT bearing internal American Oversight tracking number DOJ-CRT-26-0035 (the Key Terms Request), seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the Department of Justice officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing any of the key terms listed below.
>
> Department of Justice Civil Rights Division Officials:
> i. Harmeet Dhillon, Assistant Attorney General
> ii. Andrew "Mac" Warner, Principal Deputy Assistant Attorney General
> iii. Jesus Osete, Deputy Assistant Attorney General
> iv. Michael Gates, Former Deputy Assistant Attorney General
> v. Gregory Brown, Deputy Assistant Attorney General
> vi. Eric Neff, Acting Chief, Voting Section
> vii. Rebecca Wertz, Principal Deputy Chief, Voting Section
> viii. Matthew Zandi, Chief of Staff and Senior Counsel
> ix. Jessica Ginsburg, Counsel to the Assistant Attorney General
> x. Maureen Riordan
> xi. Anyone serving as Chief of Staff or Senior Advisor to the Acting Chief of the Voting Section
>
> Key Terms:
> a. ELLY
> b. ELLIE
> c. EagleAI
> d. "Eagle AI"
> e. "Rick Richards"
> f. "John Richards"
> g. "Dr. Richards"
> h. "Dr Richards"
> i. "Dr. Rick"
> j. "Dr Rick"
>
> In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited

> this request to emails sent by the specified individuals. To be clear, however, American Oversight's request encompasses complete email chains, including all preceding messages in a chain to which a custodian responded. This means that any message a listed official sent during the specified time frame where a key term listed above appears anywhere in the preceding chain is responsive to this request, and all sent and received messages in that chain should be produced.
>
> **Please provide all responsive records from July 1, 2025, through the date the search is conducted.**

26. A true and correct copy of the Key Terms Request is attached as Exhibit B, and American Oversight incorporates Exhibit B by reference as though stated fully herein.

27. On February 12, 2026, CRT emailed American Oversight acknowledging receipt of the Key Terms Request, assigning it agency tracking number FOI/PA No. 26-00190-F, and claiming a 10-day extension to respond.

28. As of the date of this Complaint, American Oversight has received no further communications from CRT concerning this request.

29. As of the time of this filing, CRT has not issued a final determination in response to this request.

30. As of the time of this filing, CRT has not produced any records responsive to this request.

*Contracts Request*

31. On January 14, 2026, American Oversight submitted a request to CRT bearing internal American Oversight tracking number DOJ-CRT-26-0036 (the Contracts Request), seeking the following records:

> A complete copy (including any attachments) of all contracts or subcontracts, amendments, inter-governmental service agreements, memoranda of understanding, or other written agreements between the Department of Justice Civil Rights Division and any of the external entities or individuals listed below.
>
> <u>External Entities and Individuals</u>:

a. John "Rick" Richards
b. John W. Richards, Jr.
c. John Richards III
d. EagleAI NETwork
e. ELLY, including any entity or individual providing or offering "ELLY" as a service
f. ELLIE, including any entity or individual providing or offering "ELLIE" as a service

**Please provide all responsive records created or in effect from January 20, 2025, through the date the search is conducted.**

32. A true and correct copy of the Contracts Request is attached as Exhibit C, and American Oversight incorporates Exhibit C by reference as though stated fully herein.

33. On February 12, 2026, CRT emailed American Oversight acknowledging receipt of the Contracts Request, assigning it agency tracking number FOI/PA No. 26-00191-F, and claiming a 10-day extension to respond.

34. As of the date of this Complaint, American Oversight has received no further communications from CRT concerning this request.

35. As of the time of this filing, CRT has not issued a final determination in response to this request.

36. As of the time of this filing, CRT has not produced any records responsive to this request.

*Exhaustion of Administrative Remedies*

37. As of the date of this Complaint, Defendant has failed to: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

38. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

39. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40. American Oversight properly requested records within Defendant's possession, custody, and control.

41. Defendant is an agency subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

42. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

43. Defendant's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

44. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

45. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

46. American Oversight properly requested records within Defendant's possession, custody, and control.

47. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

48. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

49. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

50. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to DOJ on January 14, 2026;

(2) Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests identified in this pleading and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 29, 2026

Respectfully submitted,

*/s/Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
ben.sparks@americanoversight.org
Sara-Paige K. Silvestro
PA Bar No. 338274
(motion for *pro hac vice* forthcoming)
sara-paige.silvestro@americanoversight.org
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741

*Counsel for Plaintiff*